## SCHMIDT, Plaintiff-Appellant, v GORE, ET, Defendants-Appellees.

Ohio Appeals, Second District, Franklin County.

No. 3963. Decided September 29th, 1947.

George L. Schmidt and George L. Dixon, Columbus, for plaintiff-appellant.

Carl H. Valentine, Columbus, for defendants-appellees.

### OPINION

By THE COURT:

This is an appeal on questions of law from the Court of Common Pleas of Franklin County, Ohio. Briefly, the facts disclose that on or about the 27th day of November, 1928, the appellees, Ivan H. Gore and Edna Mae Gore, executed two promissory notes, each payable to the appellant, Harry E. Schmidt. These notes were in the amount of $1250.00 each and were given by the appellees in payment for certain lots purchased from the appellant and secured by a mortgage thereon. In the year 1937 these lots were sold by the Auditor of Franklin County for non-payment of taxes and assessments and some of them were purchased by the appellant at the Auditor's sale. The appellee was also present at the Auditor's sale and he and the appellant entered into some agreement

relative to the two notes held by the appellant. The appellant testified that the agreement was that the appellees were to give a quit-claim deed to the appellant which would give the appellant a good title to the lots he was purchasing from the Auditor and in return therefor the appellant would surrender one of the two notes. Subsequently the appellant surrendered one of the notes in exchange for the quit-claim deed. The appellant is contending that the other note was never paid and this action seeks recovery thereon.

The appellee claims that the agreement with reference to the surrender of the notes was to the effect that he would give the appellant a quit-claim deed in order that he might acquire a good title and in exchange therefor the appellant was to surrender both of the notes in question.

The appellant sought to introduce evidence to the effect that the quit-claim deed did not perfect the title of the appellant to the lots in question. This evidence consisted of the record of the proceedings in case No. 161,193 in the Common Pleas Court of Franklin County, which was an action brought to quiet the title to the lots in question against several judgment liens which were of record in Franklin County against the appellees. This evidence the Court refused to admit, which is the error assigned upon this appeal.

We are of the opinion that the trial court was correct in its ruling as this evidence would have been incompetent even though it should have shown that there were other liens upon this property. The expression by Gore as to the condition the title would be in upon his signing of the quit-claim deed was merely an expression of legal opinion and for which he would not be legally bound. An opinion as to a party's legal rights is not a representation of fact. **19 O. Jur., Sec. 46, p. 352.**

In the case of **The Aetna Ins Co. v Reed, 33 Oh St 283,** the Court held that a misrepresentation of law as to a person's rights however erroneous and strongly asserted is but an expression of opinion as to the person's legal rights. See also **Gould v Gerkin, 28 Oh Ap 309.**

The judgment is affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.